UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
  ----------------------------------------------------------------------X
JOHN BROWN and FIONA BROWN,

                                                                                        Case No. 24-8540

                                        Plaintiff,

                -against-                                                   **NOTICE OF REMOVAL**

GILBANE BUILDING COMPANY, GILBANE, INC.,
GILBANE DEVELOPMENT COMPANY, P.M.T.
ASSOCIATES, and THE CITY OF NEW YORK,

                                        Defendants.
  ----------------------------------------------------------------------X
GILBANE BUILDING COMPANY, GILBANE, INC.,
GILBANE DEVELOPMENT COMPANY,

                                        Plaintiff,

                -against-

PJP INSTALLERS, INC.,

                                        Defendants.
  ----------------------------------------------------------------------X

        **PLEASE TAKE NOTICE** that defendants Gilbane Building Company ("GBCo"),

Gilbane, Inc., Gilbane Development Company and the City of New York ("NYC") (collectively,

the "Removing Defendants"), by and through their undersigned counsel, hereby remove the above-

captioned action—with reservation of all rights and defenses—from the Supreme Court of the

State of New York, County of Kings, under Index Number 518343/2023 (the "Removed Action"),

to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§

1332, 1441, and 1446.

        This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332

because there is complete diversity of citizenship between plaintiffs John Brown and Fiona Brown

(hereinafter "Plaintiffs") and the Removing Defendants, GBCo.[1] and NYC and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I.    INTRODUCTION

1.      Plaintiffs commenced two separate causes of action against the Removing Defendants in New York State Court arising out of an alleged construction site accident that occurred on November 23, 2022 at the construction site located at 1-43 Street, No. 2C, in Brooklyn, New York.

2.      Against all the Removing Defendants, Plaintiff John Brown asserts causes of action for violations of New York Labor Law §§ 240(1), 241(6), and 200, as well as common law negligence and violation of various sections of the New York Industrial Code. Against all the Removing Defendants, Plaintiff Fiona Brown alleges loss of consortium.

## II.    TIMELINESS OF REMOVAL AND JURISDICTION

1.      On March 3, 2023, Plaintiffs filed an action against GBCo., Gilbane, Inc., Gilbane Development Company and non-appearing party P.M.T. Associates in the Supreme Court of New York, in the County of New York under Index No. 152038/2023 ("Action 1"). In accordance with New York State law, the Action 1 Complaint does not include an *ad damnum* clause specifying the amount of damages sought. A true and correct copy of the Summons and Complaint filed in Action 1 is attached hereto as **Exhibit "A"**.

2.      As evidenced by the Affidavits of Service, Defendants GBCo., Gilbane, Inc., and Gilbane Development Company were served with the Summons and Complaint on March 7, 2023. True and correct copies of the Affidavits of Service are attached hereto as **Exhibit "B"**.

---

[1] A voluntary discontinuance of this action against improperly named parties Gilbane, Inc. and Gilbane Development Company was filed on May 13, 2024. *See* Exhibit H.

4926-9520-9478.1

3.　　　On May 1, 2023, Defendants GBCo. Gilbane, Inc., and Gilbane Development Company filed their Verified Answer to the Action 1 Complaint, denying all salient allegations and alleging various affirmative defenses. A true and correct copy of the aforementioned Verified Answer is attached hereto as **Exhibit "C"**.

4.　　　The same day, Defendants GBCo. Gilbane, Inc., and Gilbane Development Company served Plaintiffs with various discovery demands, including a Request for Supplemental Demand. A true and correct copy of the Request for Supplemental Demand is attached hereto as **Exhibit "D"**.

5.　　　On June 23, 2023, Plaintiff filed a separate action against the City of New York ("NYC") in the Supreme Court of New York, in the County of Kings under Index No. 518343/2023 ("Action 2"). In accordance with New York State law, the Action 2 Complaint also does not include an *ad damnum* clause specifying the amount of damages sought. A true and correct copy of the Summons and Complaint filed in Action 2 is attached hereto as **Exhibit "E"**.

6.　　　As evidenced by the Affidavit of Service, Defendant NYC was served with the Summons and Complaint on June 27, 2023. A true and correct copy of the Affidavit of Service is attached hereto as **Exhibit "F"**.

7.　　　On February 21, 2024, Defendants GBCo. Gilbane, Inc., and Gilbane Development Company filed a Third-Party Summons and Complaint against PJP Installers, Inc. in Action 1, alleging causes of action sounding in contractual and common law indemnification, breach of contract and contribution. A true and correct copy of the Third-Party Summons and Complaint is attached hereto as **Exhibit "G"**.

8.　　　On May 13, 2024, a Stipulation of Partial Discontinuance was filed in Action 1 voluntarily discontinuing this action against Defendants Gilbane, Inc. and Gilbane Development

4926-9520-9478.1

Company. A true and correct copy of the Stipulation of Partial Discontinuance is attached hereto as **Exhibit "H"**.

9.      To resolve the Removing Defendants' motion to compel Plaintiffs' responses to the Removing Defendants' Request for Supplemental Demand, which was necessitated by Plaintiffs' repeated failure to provide same, an Order was issued on July 29, 2024, directing Plaintiffs to provide the outstanding responses within 30 days. A true and correct copy of the July 29, 2024 Order is attached hereto as **Exhibit "I"**.

10.     On November 15, 2024, only after the Removing Defendants' filing of a second motion to strike Plaintiffs' pleadings or compel responses to the Request for Supplemental Demand did Plaintiffs provide the aforementioned responses confirming the amount in controversy in this action exceeds $75,000. A true and correct copy of Plaintiffs' Response to Request for Supplemental Demand is attached hereto as **Exhibit "J"**.

11.     On November 25, 2024, the Court issued a Decision and Order consolidating Action 1 into Action 2, under Index No. 518343/2023. A true and correct copy of the November 25, 2024 Decision and Order is attached hereto as **Exhibit "K"**.

12.     This Notice of Removal is timely under 28 U.S.C. § 1446(b)(3) because it is filed within 30 days of the date of receipt of Plaintiffs' Response to the Removing Defendants' Request for Supplemental Demand, confirming that the amount in controversy exceeds $75,000, thus making this matter removable. When an initial pleading, as here, is not removable, the 30-day period for seeking removal only begins when the defendant receives "an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *See DeMarco v. MGM Transport, Inc.*, 2006 WL 463504 (E.D.N.Y. Feb 24, 2006). Where the response to a supplemental demand under C.P.L.R.

§ 3017(c) asserts damages in excess of $75,000, that response is a "paper" that allows the defendant to seek removal within 30 days. *See DeMarco*, 2006 WL 463504 at *2.

13.     This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is "complete diversity between all plaintiffs and all defendants" and "the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

14.     Pursuant to 28 U.S.C. § 1446(a), the documents set forth in Exhibits A through K constitute all the process, pleadings and Orders received in this action.

15.     The Removing Defendants deny any liability as to Plaintiffs' claims, and expressly reserve all rights and defenses regarding those claims, as well as all other rights and defenses, including those regarding jurisdiction and venue.  For purposes of meeting the jurisdictional requirements for removal only, the Removing Defendants submit that this action is removable on original diversity jurisdiction grounds, which the Removing Defendants address in detail below.

## III.     BASIS FOR REMOVAL

16.     A civil action brought in state court of which the federal court has original jurisdiction may be removed to the district court for the district embracing the place where such action is pending. 28 U.S.C. § 1441(a).  Federal courts have jurisdiction over controversies before "citizens of different States," pursuant to 28 U.S.C. § 1332 (a)(1) and Article III, Section 2, of the U.S. Constitution. *Navarro Sav. Assn. v. Lee*, 446 U.S. 458, 460-61 (1980).  Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. § 1332(a).  "Diversity jurisdiction, including the amount in controversy, is determined at the instant of removal." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1000 (C.D. Cal. 2002).

17.     "This calculation takes into account claims for 'general' damages and 'special'

damages (pain and suffering, as well as out-of-pocket loss)." *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 449-50 (S.D. Cal. 1995). The removing party "need not predict the trier of fact's eventual award with one hundred percent accuracy." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Instead, in measuring the amount in controversy, the Court must "assum[e] that the allegations of the complaint are true and assum[e] that a jury [will] return[] a verdict for the plaintiff on all claims made in the complaint." *Jackson v. American Bankers Ins. Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997); *see Kenneth Rothschild Trust*, 199 F. Supp. 2d at 1001; *see also Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1096 (11th Cir. 1994) (observing the amount in controversy analysis presumes that "plaintiff prevails on liability").

18.    The determination of citizenship for diversity purposes is governed by federal rather than state law. *Rockwell Int'l Credit Corp. v. Unites States Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987), overruled on other grounds, *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991). In determining whether diversity of citizenship exists, only the named defendants – here, BHSIC and NFMIC – are considered. *Newcombe v. Adolf Coors Co*., 157 F.3d 686, 690-91 (9th Cir. 1998). The citizenship of the defendants sued under fictitious names, such as "Doe" defendants, is disregarded for diversity jurisdiction purposes. 28 U.S.C. § 1441(a); *Soliman v. Philip Morris, Inc*., 311 F.3d 966, 971 (9th Cir. 2002). For diversity purposes, "a corporation shall be deemed to be a citizen of every State […] by which it has been incorporated and of the State […] where it has its principal place of business". 28 U.S.C. § 1332(c)(1).

19.    "In determining whether removal is proper, a court may consider any evidence so long as it reveals the situation that existed when the case was removed." *Corbelle v. Sanyo Elec. Trading Co., Ltd.*, 2003 WL 22682464, *3 (N.D. Cal. Nov. 4, 2003). For that reason, the Court's inquiry into the citizenship of the parties and the amount in controversy is not confined to the face

4926-9520-9478.1

of the complaint. *Valdez*, 372 F.3d at 1117. In addition to the complaint, the district court may properly consider "facts in the removal petition," as well as "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

### A.   Amount in Controversy Exceeds $75,000

20.     Where the Complaint does not seek a specific amount of damages, the removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." (*Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).) The amount in controversy includes amounts demanded for attorneys' fees, as well as punitive damages. (*See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("We conclude … that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) ("The amount in controversy for diversity jurisdiction may include punitive damages if recoverable under state law.").) In assessing whether the amount in controversy is met, the Court may look beyond the complaint, and consider summary-judgment type evidence relevant to the amount in controversy. (*Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).)

21.     The amount in controversy requirement is met here. Plaintiffs' Response to the Supplemental Demand under C.P.L.R. § 3017(c) seeks pain and suffering damages in the amount of $10,000,000, unspecified past and future lost earnings and future medical expenses, which generally exceed $1,000,000 dollars, as well as $500,000 for Plaintiffs' loss of consortium claim. *See* Exhibit J, ¶¶ 2-4.

4926-9520-9478.1

22.     Therefore, while Defendants do not concede that Plaintiffs are entitled to any damages or relief based upon the allegations in their Complaint, Plaintiffs have alleged an amount in controversy exceeding the jurisdictional minimum under 28 U.S.C. § 1332(a).

**B.  Complete Diversity Exists**

23.     Additionally, complete diversity exists between Plaintiffs and Defendants in this Action.

24.     The Complaint states that Plaintiffs in this action are residents of the State of Pennsylvania.

25.     At the time of the filing of this Action in the New York Supreme Court and at the time of this removal, Defendant GBCo. is a corporation formed under the laws of the State of Rhode Island, with its principal place of business located in Providence, Rhode Island. At the time of filing of this Action in the New York Supreme Court and at the time of this removal, Defendant the City of New York is a municipal business corporation duly organized under the laws of the State of New York.

26.     Accordingly, there is complete diversity of citizenship between Plaintiffs and Defendants, *i.e.* no plaintiff or defendant are citizens of the same State.

27.     Consequently, this action may be removed to this Court, pursuant to 28 U.S.C. § 1332(a)(1) and (c)(1).

28.     Moreover, pursuant to CPLR 28 U.S.C. §§ 1441(a) and 1446(a), venue is proper in this Court because the United States District Court for the Eastern District of New York embraces Kings County, New York, where the consolidated State Court Action is pending.

29.     Defendant P.M.T. Management has not appeared in this action to date. There are no other properly joined defendants that are required to consent to removal.

4926-9520-9478.1

30.     By filing this Notice of Removal, the Removing Defendants are not waiving, and expressly reserve the right to assert any defense or motion available in this action after it is removed to this Court.

31.     The Removing Defendants will file simultaneously in the New York Supreme Court, Kings County a notice of filing of this Notice of Removal advising that court that this action has been removed to this Court.

**WHEREFORE,** for the foregoing reasons, Defendants respectfully state that this Action, previously pending in the Supreme Court of the State of New York for the County of Kings, is properly removed to this Court.

Dated:  December 13, 2024
        New York, New York

Respectfully submitted,

ROPERS MAJESKI, P.C.

By:  _____
      Jason L. Beckerman
      Alex Fermoso Jr.
      800 Third Avenue, 29th Floor
      New York, New York 10022
      (212) 668-5927
      jason.beckerman@ropers.com
      alex.fermoso@ropers.com

*Attorneys for Defendants/Third-Party Plaintiffs Gilbane Building Company, Gilbane, Inc., Gilbane Development Company, and Defendant The City of New York*

4926-9520-9478.1

Steven T. Lane
CONSTANTINIDIS & ASSOCIATES, P.C.
2492 Merrick Road
Bellmore, New York 11710
(516) 679-7700
constantinidis.associates@gmail.com

*Attorneys Plaintiffs John Brown and Fiona Brown*

Thomas J. Maroney
CLYDE & CO.
405 LEXINGTON Avenue, 16th Floor
New York, New York 10174
(646) 335-7855
thomas.maroney@clydeco.us

*Attorney for Third-Party Defendant PJP Installers, Inc.*