SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
JOHN BROWN and FIONA BROWN,

                      Plaintiffs,

- against-

GILBANE BUILDING COMPANY,
GILBANE INC., GILBANE DEVELOPMENT COMPANY, and
P.M.T. ASSOCIATES,
                      Defendants.
-------------------------------------------------------------------------X

Index No.:

**SUMMONS**

Date Purchased:

TO THE ABOVE-NAMED DEFENDANTS:

      PLAINTIFF DESIGNATES BROOKLYN COUNTY AS PLACE OF TRIAL
            BASIS OF VENUE IS DEFENDANTS RESIDENCE

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action by serving your answer on plaintiff's attorneys within 20 days after service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York.

    **PLEASE TAKE FURTHER NOTICE** that in case of your failure to answer or appear, Judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Bellmore, New York
       March 3, 2023

PLAINTIFFS' ADDRESS:
JOHN and FIONA BROWN
116 Mill Race Dr.
Easton PA 18045

DEFENDANTS' ADDRESSES:
GILBANE BUILDING COMPANY
GILBANE INC.
GILBANE DEVELOPMENT CO.
28 Liberty St.
New York, NY 10005

P.M.T. ASSOCIATES
219 41st Street
Brooklyn, New York 11214

***IN ORDER TO PROTECT YOUR RIGHTS,
FORWARD TO YOUR INSURANCE CARRIER IMMEDIATELY***

Yours, etc.

**CONSTANTINIDIS & ASSOCIATES, P.C.**
Attorneys for Plaintiffs

By:_____
STEVEN T. LANE, ESQ.
2492 Merrick Rd
Bellmore, NY 11710
(516) 679-7700

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
JOHN BROWN and FIONA BROWN,

          Plaintiffs,

 -against-

GILBANE BUILDING COMPANY,
GILBANE INC., GILBANE DEVELOPMENT COMPANY, and
P.M.T. ASSOCIATES,

          Defendants.
-------------------------------------------------------------------------X

Index No.:

**COMPLAINT**

Date Purchased:

 Plaintiffs, JOHN BROWN and FIONA BROWN, by their attorneys, CONSTANTINIDIS & ASSOCIATES, P.C., complaining of the defendants, GILBANE BUILDING COMPANY, GILBANE INC. GILBANE DEVELOPMENT COMPANY, and PMT ASSOCIATES based upon information and belief, set forth and allege as follows:

 1. At all times hereinafter mentioned, plaintiffs, JOHN BROWN and FIONA BROWN were and continue to be residents of the State of Pennsylvania, County of Northampton.

 2. At all times hereinafter mentioned, defendant, GILBANE BUILDING COMPANY, (hereinafter referred to as "GB"), was and continues to be a duly incorporated domestic corporation organized and existing by virtue of the laws of the State of New York and transacting, conducting, soliciting and/or doing business in the State of New York.

 3. At all times hereinafter mentioned, defendant, GB was and continues to be a duly incorporated foreign corporation duly registered to do business in the State of New York, and transacting, conducting, soliciting and/or doing business in the State of New York.

4. At all times hereinafter mentioned, defendant, GB was and continues to be a partnership transacting, conducting, soliciting and/or doing business within the State of New York.

5. At all times hereinafter mentioned, defendant, GB, was and continues to be a limited liability business entity, organized and existing by virtue of the laws of the State of New York, and transacting, conducting, soliciting and/or doing business in the State of New York.

6. At all times hereinafter mentioned, defendant, GB, was and continues to be a foreign limited liability business entity, organized and existing by virtue of the laws of the State of New York, and transacting, conducting, soliciting and/or doing business in the State of New York.

7. At all times hereinafter mentioned, defendant, GB, was and continues to be a business enterprise transacting and/or doing and/or conducting and/or soliciting business within the City and State of New York.

8. At all times hereinafter mentioned, defendant, GB, was and continues to be a business entity subject to the jurisdiction of the courts of the State of New York.

9. At all times hereinafter mentioned, defendant, GILBANE INC., (hereinafter referred to as "GI"), was and continues to be a duly incorporated domestic corporation organized and existing by virtue of the laws of the State of New York and transacting, conducting, soliciting and/or doing business in the State of New York.

10. At all times hereinafter mentioned, defendant, GI was and continues to be a duly incorporated foreign corporation duly registered to do business in the State of New York, and transacting, conducting, soliciting and/or doing business in the State of New York.

4

11. At all times hereinafter mentioned, defendant, GI was and continues to be a partnership transacting, conducting, soliciting and/or doing business within the State of New York.

12. At all times hereinafter mentioned, defendant, GI, was and continues to be a limited liability business entity, organized and existing by virtue of the laws of the State of New York, and transacting, conducting, soliciting and/or doing business in the State of New York.

13. At all times hereinafter mentioned, defendant, GI, was and continues to be a foreign limited liability business entity, organized and existing by virtue of the laws of the State of New York, and transacting, conducting, soliciting and/or doing business in the State of New York.

14. At all times hereinafter mentioned, defendant, GI, was and continues to be a business enterprise transacting and/or doing and/or conducting and/or soliciting business within the City and State of New York.

15. At all times hereinafter mentioned, defendant, GI, was and continues to be a business entity subject to the jurisdiction of the courts of the State of New York.

16. At all times hereinafter mentioned, defendant, GILBANE DEVELOPMENT COMPANY, (hereinafter referred to as "GD"), was and continues to be a duly incorporated domestic corporation organized and existing by virtue of the laws of the State of New York and transacting, conducting, soliciting and/or doing business in the State of New York.

17. At all times hereinafter mentioned, defendant, GD was and continues to be a duly incorporated foreign corporation duly registered to do business in the State of New York, and transacting, conducting, soliciting and/or doing business in the State of New York.

18. At all times hereinafter mentioned, defendant, GD was and continues to be a partnership transacting, conducting, soliciting and/or doing business within the State of New York.

19. At all times hereinafter mentioned, defendant, GD, was and continues to be a limited liability business entity, organized and existing by virtue of the laws of the State of New York, and transacting, conducting, soliciting and/or doing business in the State of New York.

20. At all times hereinafter mentioned, defendant, GD, was and continues to be a foreign limited liability business entity, organized and existing by virtue of the laws of the State of New York, and transacting, conducting, soliciting and/or doing business in the State of New York.

21. At all times hereinafter mentioned, defendant, GD, was and continues to be a business enterprise transacting and/or doing and/or conducting and/or soliciting business within the City and State of New York.

22. At all times hereinafter mentioned, defendant, GD, was and continues to be a business entity subject to the jurisdiction of the courts of the State of New York.

23. At all times hereinafter mentioned, defendant, P.M.T. ASSOCIATES, (hereinafter referred to as "PMT"), was and continues to be a duly incorporated domestic corporation organized and existing by virtue of the laws of the State of New York and transacting, conducting, soliciting and/or doing business in the State of New York.

24. At all times hereinafter mentioned, defendant, PMT was and continues to be a duly incorporated foreign corporation duly registered to do business in the State of New York, and transacting, conducting, soliciting and/or doing business in the State of New York.

25. At all times hereinafter mentioned, defendant, PMT was and continues to be a partnership transacting, conducting, soliciting and/or doing business within the State of New York.

26. At all times hereinafter mentioned, defendant, PMT, was and continues to be a limited liability business entity, organized and existing by virtue of the laws of the State of New York, and transacting, conducting, soliciting and/or doing business in the State of New York.

27. At all times hereinafter mentioned, defendant, PMT, was and continues to be a foreign limited liability business entity, organized and existing by virtue of the laws of the State of New York, and transacting, conducting, soliciting and/or doing business in the State of New York.

28. At all times hereinafter mentioned, defendant, PMT, was and continues to be a business enterprise transacting and/or doing and/or conducting and/or soliciting business within the City and State of New York.

29. At all times hereinafter mentioned, defendant, PMT, was and continues to be a business entity subject to the jurisdiction of the courts of the State of New York.

30. At all times herein mentioned, and particularly on or about November 23, 2022, PMT was the owner/lessor, lessee of certain premises located at 1-43 St. # 2C Brooklyn, N.Y. 11232.

31. At all times herein mentioned, and particularly prior to on and including November 23, 2022, GB, GI, and/or GD was retained by PMT to act as General Contractor for the construction which was underway at 1-43 St. # 2C Brooklyn N.Y.

7

11232, to oversee, manage, supervise, direct and/or control all of the construction, demolition, modernization, rehabilitation work, labor and/or services performed upon the aforesaid premises.

32. At all times herein mentioned, and particularly on or about November 23, 2022 defendant, GB, and/or GI, and/or GD their agents, servants, contracted, licensees and employees managed, operated, controlled, maintained, supervised, inspected and/or repaired the aforesaid premises located at 1-43 St. # 2C Brooklyn N.Y. including the construction work performed thereat.

33. That on or about November 23, 2022, and at all times herein mentioned, the premises located at 1-43 St. # 2C Brooklyn N.Y. 11232 undergoing construction, demolition, renovation, modernization and/or rehabilitation.

AS AND FOR A FIRST CAUSE OF ACTION

34. Plaintiffs, repeat, reiterate and re-allege each and every allegation contained in paragraphs numbered "1" through "33" hereinabove with the same force and effect as if more fully set forth at length herein.

35. That on or about November 23, 2022, and all times herein mentioned, defendants, GB, and/or GI and/or GD was hired to perform and provide its skill, labor, material and services at the premises located at 1-43 St. # 2C Brooklyn N.Y .

36. That on or about November 23, 2022, and all times herein mentioned, defendants, GB, and/or GI, and/or GD hired Plaintiffs employer PJP Installers Inc. (Hereinafter "PJP") to perform and provide its skill, labor, workers, material and services at the location noted above.

37. That prior to and/or on or about November 23, 2022, and at all times herein mentioned, PMT and/or GB, and/or GI, and/or GD entered into an agreement with and hired and/or retained, PJP, not a party to the instant action to perform construction, demolition, modernization, rehabilitation work, labor and/or services performed upon the aforesaid premises.

38. That on or about November 23rd 2022 and at all times herein mentioned, defendants, GB, and/or GI, and/or GD their agents, servants, employees, contractees, permittees and/or assignees carelessly, negligently and otherwise recklessly performed work at the aforesaid premises located at 1-43 St. # 2C Brooklyn N.Y., and in so doing, caused, created, permitted and/or allowed a dangerous, defective, hazardous and otherwise unsafe condition to exist thereat.

39. As a result of defendant's negligence plaintiff sustained serious injuries at the premises located at 1-43 St. # 2C Brooklyn N.Y.

## AS AND FOR A SECOND CAUSE OF ACTION

40. Plaintiffs, repeat, reiterate and re-allege each and every allegation contained in paragraphs numbered "1" through "39" hereinabove with the same force and effect as if more fully set forth at length herein.

41. That on or about November 23rd 2022, and at all times herein mentioned, plaintiff, JOHN BROWN, was lawfully employed by PJP, an entity other than the defendants herein, and was lawfully performing his employment duties at the aforesaid premises located at 1-43 St. # 2C Brooklyn N.Y.

42. That on or about November 23rd 2020, and at all times herein mentioned, the aforesaid premises was in a dangerous, defective, hazardous and otherwise unsafe

9

condition as stated hereinabove as a result of the negligence, recklessness, carelessness and culpability of defendants, GB and/or GI/and/or GD and/or PMT their servants, agents, employees, permittees, contractees and/or licensees.

43. As a result of the dangerous and defective conditions above including but not limited to improperly stacked, unsecured, improperly hoisted wooden planks plaintiff was caused to sustain serious injuries.

## AS AND FOR A THIRD CAUSE OF ACTION

44. Plaintiffs, repeat, reiterate and re-allege each and every allegation contained in paragraphs numbered "1" through "43" hereinabove with the same force and effect as if more fully set forth at length herein.

45. That on or about November 23rd 2022, and at all times herein mentioned, plaintiff, JOHN BROWN, was caused to sustain serious bodily injury at the aforesaid location.

46. That no negligence on the part of plaintiff herein contributed to the occurrence alleged herein in any manner whatsoever.

47. That the defendants herein, as a result of their negligent, reckless and careless behavior, are jointly and severally liable to plaintiff herein with any and all other defendants whether named at this time herein as a party hereto or not.

48. By reason of the foregoing, the plaintiff, JOHN BROWN, sustained serious bodily injury at the time and place described herein above due to the carelessness, negligence, recklessness and culpability of the defendants, GB and/or GI and/or GD and/or PMT.

49. That by reason of the foregoing and the culpable conduct and negligence of the said defendants, plaintiff, JOHN BROWN, sustained serious, severe, and permanent injuries; still suffers and will continue to suffer for some time, great physical And mental pain and serious bodily injury; currently requires and will continue to require medical care; became sick, sore, lame and disabled and so remained for a considerable length of time and can no longer return to his vocation or dutiful employment and as such, has sustained economic damages as well.

AS AND FOR A FOURTH CAUSE OF ACTION

50. Plaintiffs, repeat, reiterate and re-allege each and every allegation contained in paragraphs numbered "1" through "49" hereinabove with the same force and effect as if more fully set forth at length herein.

51. That on or about November 23rd 2022, and at all times herein mentioned, it was the duty of the defendants, GB and/or GI and/or GD and/or PMT, their servants, agents, employees, permittees, contractees and/or licensees to provide lawful services, including material, equipment, labor, skills and personnel at the aforesaid premises and to hire a sufficient amount of highly competent and duly trained personnel in order to ensure that all work and/or services, skill and labor provided thereat was performed in accordance with good and accepted industry standards while performing alteration, construction, renovation, modernization, repair and/or rehabilitation work at the aforesaid premises and at all times to keep said premises in a proper safe condition free from any dangerous, defective, hazardous and otherwise unsafe condition as stated herein above and in accordance with all applicable local, city, federal, state laws, rules and regulations including the New York City Administrative Code and state Building Code, OSHA,

ANSI standards as well as Sections 200, 240, and 241(6) of the New York State Labor Law, section 12 NYCRR 23 including but not limited to 23-.6.1 (a)(b)(c)(d)(e)(f)(g)(h), 23-9.7(c)(e), and the Board of standards and Appeals and to correct any and all of their work that was not done in accordance thereof and posed a dangerous, hazardous, defective, tripping, falling, trap and/or otherwise unsafe condition at the premises on an area utilized by workers working and traversed upon thereat and particularly by plaintiff, JOHN BROWN.

52. That on or about November 23rd 2022, and at all times herein mentioned, it was the duty of the defendants, GB and/or GI and /or GD and/or PMT their servants, agents, employees, permittees, contractees and/or licensees to inspect and repair all work performed at the aforesaid premises by its servants, agents, employees, permittees, contractees and/or licensees to ensure that all said work was being done in accordance with good and accepted industry standards in accordance with all applicable local, city, federal, State laws, rules and regulations including the New York City Administrative Code and state Building Code, OSHA, ANSI standards as well as Sections 200, 240 and 241(6) of the New York State Labor Law, section 12NYCRR 23 and the Board of Standards and Appeals and to correct any and all of their work that was not done in accordance thereof and posed a dangerous, hazardous, defective, tripping, falling, trap and/or otherwise unsafe condition at the premises on an area utilized by workers working and traversed upon thereat and particularly by plaintiff, JOHN BROWN.

53. That on or about November 23 2022, and at all times mentioned herein, defendants, GB and/or GI and or GD and/or PMT, their servants, agents, employees, permittees, contractees and/or licensees, failed to recognize, appreciate, timely inspect

12

and repair the obvious and foreseeably dangerous, hazardous, defective, tripping, trap and/or otherwise unsafe condition that they caused and created at the aforesaid premises.

54. That one or more exceptions of CPLR Section 1602 is applicable herein.

55. By reason of the foregoing, plaintiff, JOHN BROWN, has suffered damages and the damages in this action exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FIFTH CAUSE OF ACTION

56 Plaintiffs, repeat, reiterate and re-allege each and every allegation contained in paragraphs numbered "1" through "55" hereinabove with the same force and effect as if more fully set forth at length herein.

57. At all times herein mentioned, plaintiff, FIONA BOWN, was and is the legal spouse of plaintiff, JOHN BROWN.

58. At all times herein mentioned, plaintiff, FIONA BROWN, was and is entitled to the comfort, enjoyment, society, support, and services of plaintiff, JOHN BROWN.

59. That because of the aforesaid occurrence and the resulting injuries, plaintiff, FIONA BROWN, has been deprived of the comfort, enjoyment, society, support and services of plaintiff, JOHN BROWN, and has incurred and will continue to incur out of pocket expenses as a result of the injuries sustained by plaintiff.

60. By virtue of the foregoing, plaintiff, FIONA BROWN, has been damaged due to the loss of the comfort, enjoyment, society, services, and support of plaintiff, JOHN BROWN , as well as out of pocket loss.

61. By virtue of the foregoing, plaintiff, FIONA BROWN, has suffered

13

damages and the damages in this action exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiffs, JOHN BROWN and FIONA BROWN, demand judgment against the defendants, GB, GI, GD, and PMT on each and every cause of action, in an amount that exceeds the jurisdictional limits of all lower courts together, with interest, costs and disbursements of this action.

Dated: Bellmore, New York
March, 2, 2023

                Very truly yours,

                **CONSTANTINIDIS & ASSOCIATES, P.C.**

By: _____
      STEVEN T. LANE, ESQ.
      Attorneys for Plaintiffs
      2492 Merrick Rd.
      Bellmore, NY 11710
      (516) 679-7700

## ATTORNEY'S VERIFICATION

**STEVEN T. LANE**, an attorney duly admitted to practice law before the courts of the State of New York, hereby affirms the truth of the following under the penalties of perjury:

Affirmant is associated with the Law Offices of Constantinidis & Associates, attorneys of record for the plaintiff in the within action.

Affirmant has read the foregoing **SUMMONS AND COMPLAINT** and knows the contents thereof.

The same is true of Affirmant's own knowledge, except as to matters therein stated to be alleged upon information and belief and as to those matters, Affirmant believes them to be true.

This verification is made by Affirmant and not by the plaintiff, as plaintiffs do not reside within Queens County, the county where Affirmant's office is located.

The grounds of Affirmant's belief as to all matters not stated upon Affirmant's knowledge are as follows: the entire file of the plaintiffs including review of records, reports, documents, papers and conversations with the plaintiffs concerning the within matter.

Dated: Bellmore, New York
      March 3, 2023

_____
STEVEN T. LANE, ESQ.

Index No:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

JOHN BROWN and FIONA BROWN,

                                                      Plaintiff(s),

-against-

GILBANE BUILDING COMPANY,
GILBANE INC., GILBANE DEVELOPMENT COMPANY
and P.M.T. ASSOCIATES,

                                                      Defendants.

---

**SUMMONS AND VERIFIED COMPLAINT**

---

**CONSTANTINIDIS & ASSOCIATES, P.C**
*Attorneys for Plaintiff(s)*
2492 Merrick Road
Bellmore, NY 11710
(516) 679-7700

---

TO:
    Attorneys for Plaintiffs

Signature (Rule 130-1.1a)

_____
STEVEN T. LANE, ESQ.

---

Service of a copy of the within

Date,

Is hereby admitted.

_____
Attorneys(s) for