UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------X
JOHN BROWN and FIONA BROWN,

        Plaintiffs,

  -against-

GILBANE BUILDING COMPANY, GILBANE INC., GILBANE DEVELOPMENT COMPANY, P.M.T. ASSOCIATES, and THE CITY OF NEW YORK

        Defendants.

------------------------------------------------
GILBANE BUILDING COMPANY, GILBANE INC., GILBANE DEVELOPMENT COMPANY, and THE CITY OF NEW YORK

        Third-Party Plaintiffs,

  -against-

PJP INSTALLERS, INC.,

        Third-Party Defendant.

------------------------------------------------X

Civ. No.: 1:24-CV-08540-AMD-JRC

**AMENDED VERIFIED THIRD-PARTY COMPLAINT**

**TO THE ABOVE-NAMED THIRD-PARTY DEFENDANT:**

      Defendants/Third-Party Plaintiffs GILBANE BUILDING COMPANY, GILBANE INC., GILBANE DEVELOPMENT COMPANY and THE CITY OF NEW YORK (hereinafter collectively "Third-Party Plaintiffs"), by their attorneys, ROPERS MAJESKI P.C., complaining of Third-Party Defendant, PJP INSTALLERS, INC. (hereinafter referred to as "Third-Party Defendant"), as and for their Third- Party Complaint, allege based upon information and belief, as follows:

4935-5325-4697.1

1. That at all times hereinafter mentioned, GILBANE BUILDING COMPANY, was and is a foreign business corporation duly registered and authorized to conduct business in the State of New York.

2. That at all times hereinafter mentioned, GILBANE, INC., was and is a foreign business corporation duly registered and authorized to conduct business in the State of New York.

3. That at all times hereinafter mentioned, GILBANE DEVELOPMENT COMPANY, was and is a foreign business corporation duly registered and authorized to conduct business in the State of New York.

4. That at all times hereinafter mentioned, the CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by the virtue of the laws of the State of New York.

5. That at all times hereinafter mentioned, P.M.T. ASSOCIATES, was a duly incorporated domestic corporation duly registered and authorized to conduct business in the State of New York.

6. That upon information and belief and as alleged in the underlying Complaint, at all times hereinafter mentioned, Plaintiffs JOHN BROWN and FIONA BROWN (hereinafter collectively "Plaintiffs") were residents of the State of Pennsylvania.

7. That upon information and belief, at all times hereinafter mentioned, Third-Party Defendant was and still is a domestic business corporation duly licensed and authorized to conduct business in the State of New York.

8. That upon information and belief, at all times hereinafter mentioned Third-Party Defendant conducted business within the State of New York.

9. That upon information and belief, at all times hereinafter mentioned, Third-Party Defendant derived and continues to derive substantial revenues within the State of New York.

4935-5325-4697.1

10. Plaintiffs commenced the above-captioned action in the Supreme Court of the State of New York, County of New York, under Index Number 152038/2023 ("the Action") to recover damages for personal injuries allegedly sustained as a result of an incident that allegedly occurred on or about November 23, 2022.

11. For the sole purpose of the Third-Party Complaint, Third-Party Plaintiffs incorporate herein by reference the allegations set forth in Plaintiffs' Complaint, a copy of which is annexed hereto as **Exhibit "A**," without admitting or conceding the truth of said allegations therein.

12. Third-Party Plaintiffs answered Plaintiffs' Complaint on or about May 1, 2023, the contents of which are incorporated herein by reference as though more fully set forth at length herein. A copy of Third-Party Plaintiffs' Answer to the Complaint is annexed hereto as **Exhibit "B**."

## The Relevant Contract

13. On or about August 10, 2021, Third-Party Defendant entered into a written subcontract agreement with non-party BRICKENS CONSTRUCTION INC. ("Brickens") for Third-Party Defendant to perform construction services at the premises where the incident described in Plaintiffs' Complaint allegedly occurred (hereinafter the "Subcontract").

14. On information and belief and as alleged in the underlying Complaint, on November 23, 2022, Plaintiff JOHN BROWN (hereinafter "Plaintiff") was working at the subject premises as an employee of Third-Party Defendant.

15. Pursuant to the terms of the Subcontract, Third-Party Defendant agreed to indemnify, defend and hold harmless Third-Party Plaintiffs from and against any and all claims, suits, damages, liabilities, professional fees, including attorneys' fees, costs, courts costs, expenses and disbursements related to personal injuries or the alleged violation of any laws, statues, rules

or ordinances arising out of or in connection with or as a result of or as a consequence of the performance of the work to be undertaken by Third-Party Defendant in connection with the Subcontract.

16. Additionally, pursuant to the Subcontract, Third-Party Defendant was required to procure commercial general liability and excess insurance coverage and name Third-Party Plaintiffs as additional insureds on the relevant policy or policies procured by Third-Party Defendant on a primary and non-contributory basis.

## AS AND FOR THE FIRST CAUSE OF ACTION AS TO THIRD-PARTY DEFENDANT
### (CONTRACTUAL INDEMNIFICATION)

17. Third-Party Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if fully set forth at length herein.

18. That pursuant to the terms of the Subcontract, Third-Party Defendant agreed to, among other things, indemnify, defend and hold harmless Third-Party Plaintiffs from and against any and all claims, suits, damages, liabilities, professional fees, including attorneys' fees, costs, courts costs, expenses and disbursements related to personal injuries or the alleged violation of any laws, statues, rules or ordinances arising out of or in connection with or as a result of or as a consequence of the performance of the work to be undertaken by Third-Party Defendant in connection with the Subcontract.

19. That if Plaintiff sustained the injuries and damages in the manner and at the time and place alleged, and if it is found that Third-Party Plaintiffs are liable herein, then Third-Party Plaintiffs, on the basis of contractual indemnification, have judgment over and against Third-Party Defendant for any verdict or judgment that may be recovered against Third-Party Plaintiffs, together with costs, disbursements and any attorneys' fees actually incurred in the defense hereof.

4935-5325-4697.1

20. By reason of the foregoing, Third-Party Defendant will be liable to Third-Party Plaintiffs for the full amount of any recovery had herein against Third-Party Plaintiffs, together with costs, disbursements and any attorneys' fees actually incurred in the defense hereof.

### AS AND FOR THE SECOND CAUSE OF ACTION AS TO THIRD-PARTY DEFENDANT
### (BREACH OF CONTRACT)

21. Third-Party Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "20" with the same force and effect as if fully set forth at length herein.

22. That pursuant to the terms of the Subcontract, Third-Party Defendant was required, among other things, to procure commercial general liability and excess insurance coverage and name Third-Party Plaintiffs as additional insureds on the relevant policy or policies procured by Third-Party Defendant on a primary and non-contributory basis.

23. Upon information and belief, Third-Party Defendant breached the Subcontract by failing to procure the required insurance coverage for the benefit of Third-Party Plaintiffs in accordance with the terms of the Subcontract.

24. By reason of the foregoing, Third-Party Defendant will be liable to Third-Party Plaintiffs for all damages, including Third-Party Plaintiffs' costs for procuring insurance coverage for their benefit, as well as the full amount of any recovery had herein against Third-Party Plaintiffs, together with costs, disbursements and any attorneys' fees actually incurred in the defense thereof.

## AS AND FOR THE THIRD CAUSE OF ACTION AS TO THE THIRD-PARTY DEFENDANT
## (COMMON LAW INDEMNIFICATION)

25. Third-Party Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth at length herein.

26. That if Plaintiff sustained the injuries and damages in the manner and at the time and place alleged, then Third-Party Plaintiffs, on the basis of common law indemnification, are entitled to indemnification from and judgment over and against Third-Party Defendant for any verdict or judgment that may be recovered against Third-Party Plaintiffs, together with the costs, disbursements and any attorneys' fees actually incurred in the defense thereof.

27. That by reason of the foregoing, Third-Party Defendant will be liable to Third-Party Plaintiffs for the full amount of any recovery had herein against Third-Party Plaintiffs, together with costs, disbursements and any attorneys' fees actually incurred in the defense thereof.

## AS AND FOR THE FOURTH CAUSE OF ACTION AS TO THE THIRD-PARTY DEFENDANT
## (CONTRIBUTION)

28. Third-Party Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth at length herein.

29. That if Plaintiff was caused to sustain damages at the time, place, and in the manner set forth in Plaintiff's Complaint for any reason other than Plaintiff's own carelessness, recklessness, and/or negligence, said damages were sustained by reason of the carelessness, recklessness, and/or negligence of Third-Party Defendant, its subcontractors, agents, servants, and/or employees without any negligence on the part of Third-Party Plaintiffs contributing thereto.

30. By reason of the foregoing, Third-Party Defendant is liable to Third-Party Plaintiffs

for any recovery had herein against Third-Party Plaintiffs or for the portion thereof that represents the proportionate share of responsibility of Third-Party Defendant, together with costs, disbursements, and any attorneys' fees actually incurred in the defense thereof.

**WHEREFORE**, Third-Party Plaintiffs demands judgment in the event Third-Party Plaintiffs are liable herein, then Third-Party Plaintiffs, on the basis of contractual indemnification, breach of contract, and/or common law indemnification and/or contribution, have judgment over and against Third-Party Defendant for all or part of any verdict or judgment which may be recovered against Third-Party Plaintiffs, and for Third-Party Plaintiffs' cost to procure insurance coverage for their own benefit, together with the costs and disbursements of this action and for any expenses incurred by them in the defense thereof, including attorney's fees actually expended.

Dated: New York, New York
      March 14, 2025

By: ROPERS MAJESKI, P.C.

_____
Alex Fermoso, Esq.
*Attorneys for Defendants/Third-Party Plaintiffs*
GILBANE BUILDING COMPANY, GILBANE INC., GILBANE DEVELOPMENT COMPANY and The City of New York
800 Third Avenue, 29th Floor
New York, New York 10022
Tel.: (646) 454-3297

To:

CLYDE & CO.
Thomas J. Maroney
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174

CONSTANTINIDIS & ASSOCIATES, P.C.
Steven T. Lane, Esq.
Attorneys for Plaintiffs
2492 Merrick Road
Bellmore, New York 11710

P.M.T. ASSOCIATES
219 42st Street
Brooklyn, New York 11214

4935-5325-4697.1

## **VERIFICATION**

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

ALEX FERMOSO, an attorney duly admitted to practice law before the Courts of the State of New York, hereby deposes and says:

I am Of Counsel with the firm of ROPERS MAJESKI, P.C. attorneys for Defendants/Third-Party Plaintiffs GILBANE BUILDING COMPANY, GILBANE INC., GILBANE DEVELOPMENT COMPANY, and THE CITY OF NEW YORK in the within action.

I am fully familiar with the facts and circumstances of this action from a review of the file maintained by this office.

I have read the foregoing Amended Third-Party Verified Complaint and know the contents thereof and same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this verification is made by me and not by the Third-Party Plaintiffs is because Third-Party Plaintiffs are corporations.

Dated: New York, New York
       March 14, 2025

_____
ALEX FERMOSO

4935-5325-4697.1