UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOHN BROWN and FIONA BROWN,

            Plaintiffs,

-against-

GILBANE BUILDING COMPANY, GILBANE
INC., GILBANE DEVELOPMENT COMPANY,
P.M.T. ASSOCIATES, and THE CITY OF NEW
YORK,

            Defendants.
------------------------------------------------------------------x
GILBANE BUILDING COMPANY, GILBANE
INC., GILBANE DEVELOPMENT COMPANY,
and THE CITY OF NEW YORK,

           Third-Party Plaintiffs,

-against-

PJP INSTALLERS, INC.,

           Third-Party Defendant.
------------------------------------------------------------------x

Civ. No.: 1:24-CV-08540-AMD-JRC

**VERIFIED ANSWER TO AMENDED VERIFIED THIRD-PARTY COMPLAINT**

   Third-Party Defendant, PJP INSTALLERS, INC. (hereinafter referred to as "The Answering Third-Party Defendant") by and through its attorneys, CLYDE & CO US LLP, as and for a Verified Answer to Third-Party Plaintiffs' Amended Verified Third-Party Complaint, dated March 14, 2024, respectfully states and alleges:

   1.  The Answering Third-Party Defendant denies any knowledge or information sufficient to form a belief as to allegations contained in paragraph "1" of the Amended Verified Third-Party Complaint.

2. The Answering Third-Party Defendant denies any knowledge or information sufficient to form a belief as to allegations contained in paragraph "2" of the Amended Verified Third-Party Complaint.

3. The Answering Third-Party Defendant denies any knowledge or information sufficient to form a belief as to allegations contained in paragraph "3" of the Amended Verified Third-Party Complaint.

4. The Answering Third-Party Defendant denies any knowledge or information sufficient to form a belief as to allegations contained in paragraph "4" of the Amended Verified Third-Party Complaint.

5. The Answering Third-Party Defendant denies any knowledge or information sufficient to form a belief as to allegations contained in paragraph "5" of the Amended Verified Third-Party Complaint.

6. The Answering Third-Party Defendant denies any knowledge or information sufficient to form a belief as to allegations contained in paragraph "6" of the Amended Verified Third-Party Complaint.

7. The Answering Third-Party Defendant admits each and every allegation contained in paragraph "7" of the Amended Verified Third-Party Complaint.

8. The Answering Third-Party Defendant denies each and every allegation contained in paragraph "8" of the Amended Verified Third-Party Complaint and demands a more specific allegation and refers all questions of law to the Court.

9. The Answering Third-Party Defendant denies each and every allegation contained in paragraph "9" of the Amended Verified Third-Party Complaint and demands a more specific allegation and refers all questions of law to the Court.

10. The Answering Third-Party Defendant denies any knowledge or information sufficient to form a belief as to allegations contained in paragraph "10" of the Amended Verified Third-Party Complaint.

11. The Answering Third-Party Defendant denies each and every allegation contained in paragraph "11" of the Amended Verified Third-Party Complaint and refers all questions of law to the Court.

12. The allegation in Paragraph "12" of Plaintiff's Amended Verified Third-Party Complaint does not require an admission or denial from Answering Third-Party Defendant.

**ANSWERING THE RELEVANT CONTRACT**

13. The Answering Third-Party Defendant denies each and every allegation contained in paragraph "13" of the Amended Verified Third-Party Complaint, except admits that it entered into a contract with Brickens Construction Inc. to perform certain work at the project site, Bush Terminal, located at 4100 1st Avenue, Brooklyn, NY.

14. The Answering Third-Party Defendant denies each and every allegation contained in paragraph "14" of the Verified Third-Party Complaint.

15. The Answering Third-Party Defendant denies each and every allegation contained in paragraph "15" of the Amended Verified Third-Party Complaint and refers all questions of law to the Court.

16. The Answering Third-Party Defendant denies each and every allegation contained in paragraph "16" of the Verified Third-Party Complaint and refers all questions of law to the Court.

## ANSWERING THE FIRST CAUSE OF ACTION
### (CONTRACTUAL INDEMNIFICATION)

17. With respect to paragraph "17" of the Amended Verified Third-Party Complaint, The Answering Third-Party Defendant repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein.

18. The Answering Third-Party Defendant denies each and every allegation contained in paragraph "18" of the Amended Verified Third-Party Complaint and refers all questions of law to the Court.

19. The Answering Third-Party Defendant denies each and every allegation contained in paragraph "19" of the Amended Verified Third-Party Complaint and refers all questions of law to the Court.

20. The Answering Third-Party Defendant denies each and every allegation contained in paragraph "20" of the Amended Verified Third-Party Complaint and refers all questions of law to the Court.

## ANSWERING THE SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT)

21. With respect to paragraph "21" of the Amended Verified Third-Party Complaint, The Answering Third-Party Defendant repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein.

22. The Answering Third-Party Defendant denies each and every allegation contained in paragraph "22" of the Amended Verified Third-Party Complaint and refers all questions of law to the Court.

23. The Answering Third-Party Defendant denies each and every allegation contained in paragraph "23" of the Amended Verified Third-Party Complaint and refers all questions of law to the Court.

24. The Answering Third-Party Defendant denies each and every allegation contained in paragraph "24" of the Verified Third-Party Complaint and refers all questions of law to the Court.

### ANSWERING THE THIRD CAUSE OF ACTION
### COMMONLAW INDEMNIFICATION)

25. With respect to paragraph "25" of the Verified Third-Party Complaint, The Answering Third-Party Defendant repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein.

26. The Answering Third-Party Defendant denies each and every allegation contained in paragraph "26" of the Verified Third-Party Complaint and refers all questions of law to the Court.

27. The Answering Third-Party Defendant denies each and every allegation contained in paragraph "27" of the Verified Third-Party Complaint and refers all questions of law to the Court.

### ANSWERING THE FOURTH CAUSE OF ACTION
### (CONTRIBUTION)

28. With respect to paragraph "28" of the Verified Third-Party Complaint, The Answering Third-Party Defendant repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein.

29. The Answering Third-Party Defendant denies each and every allegation contained in paragraph "29" of the Verified Third-Party Complaint and refers all questions of law to the Court.

30. The Answering Third-Party Defendant denies each and every allegation contained in paragraph "30" of the Verified Third-Party Complaint and refers all questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

31. Whatever injuries and/or damages the Plaintiff may have sustained at the time and place mentioned in the Verified Complaint and/or as a result of the occurrence alleged in the Verified Complaint, all of which is denied by the Answering Third-Party Defendant, was caused in whole or in part by the culpable conduct of the Plaintiff. The amount of damages recovered, if any, shall therefore be diminished in the proportion which the culpable conduct, attributable to Plaintiff, bears to the culpable conduct which caused said injuries.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32. Each risk and danger of loss or damage connected with the situation alleged in the Verified Complaint were at the time and place mentioned obvious and apparent and were known by Plaintiff and voluntarily assumed by Plaintiff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

33. The injuries and damages alleged were caused by the culpable conduct of some person or persons over whom the Answer Defendant neither had nor exercised control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

34. The liability of Answering Third-Party Defendant is limited by the provisions of Article 16 of the Civil Practice Law and Rules.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

35. Any verdict, judgment or decision that might be obtained by Plaintiff against the Answering Third-Party Defendant shall be reduced by the amount of any collateral source payments received by Plaintiff pursuant to CPLR §4545(c), as determined by the Court.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

36. The negligence of those responsible for the accident or the occurrence alleged in the Verified Complaint constituted a separate, independent, superseding, intervening culpable act or acts which constitute the sole proximate cause of the accident or occurrence alleged.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

37. Plaintiff was the sole proximate cause of any injuries and/or damages Plaintiff may have sustained at the time and place mentioned in the Verified Complaint and/or as a result of the occurrence alleged in the Verified Complaint, all of which are denied by the Answering Third-Party Defendant.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

38. To the extent that Plaintiff asserts claims against the Answering Third-Party Defendant arising under Section 241(6) of the New York Labor Law, such claims must be dismissed because no applicable rules or regulations were violated by the Answering Third-Party Defendant.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

39. Plaintiff's claims are barred by assumption of risk.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

40. Where Plaintiff disregarded warnings, safety measures and training, insofar as Plaintiff was a recalcitrant worker whose conduct caused and/or contributed to the alleged damages

or injuries, Plaintiff's recoverable damages must be reduced in proportion to which the culpable conduct, attributable to Plaintiff, bears to the culpable conduct which caused said injuries.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

41. Plaintiff failed to take reasonable and/or adequate steps and precautions for his safety.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

42. Plaintiff's speculative, uncertain and/or contingent damages have not accrued and are not recoverable.

**AS AND FOR ATHIRTEENTH AFFIRMATIVE DEFENSE**

43. The alleged injuries and/or damages complained of were not proximately caused by any negligence or culpable conduct on the part of the Answering Third-Party Defendant, their agents, or employees and/or predated the accident alleged in the Verified Complaint.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

44. Plaintiff's claims against Answering Third-Party Defendant must be dismissed because no applicable statutes, laws, rules, or regulations were violated by the Answering Third-Party Defendant.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

45. Pursuant to Section 1411 of the New York Civil Practice Law and Rules, the amount of damages, if any, recoverable by Plaintiff must be diminished in the proportion to which the allegedly injured Plaintiff's negligence, assumption of risk and/or other culpable conduct bears to the overall culpable conduct that caused the damages.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

46. Plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries, disabilities and damages alleged in the Verified Complaint.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

47. The Answering Third-Party Defendant was not the cause of any damages allegedly sustained by Plaintiff.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

48. To the extent Plaintiff asserts claims that are inconsistent and/or contradict each other, such claims are barred.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

49. The Answering Third-Party Defendant did not create any defect or unsafe condition on the property at issue.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

50. The Answering Third-Party Defendant did not have actual notice or constructive notice of any defect and/or unsafe condition on the property at issue.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

51. To the extent the Answering Third-Party Defendant is found to have actual or constructive notice of any defect or unsafe condition on the property at issue, the Answering Third-Party Defendant did not have the opportunity prior to the time of Plaintiff's claimed injury to remediate or ameliorate any such defect and/or unsafe condition on the property at issue before Plaintiff's claimed injuries occurred.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

52. Any recovery by Plaintiff for the injuries alleged is barred in whole or in part by the allegedly injured Plaintiff's failure to use appropriate safety devices made available to him.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

53. The Verified Complaint fails to state a cause of action.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

54. Service of the Summons and Complaint in this matter was not accomplished in the proper and designated manner set forth in the Civil Practice Law and Rules and therefore the Court has not obtained personal jurisdiction over the Answering Third-Party Defendant.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

55. Plaintiff failed to join all indispensable parties.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

56. Upon information and belief, the injuries and damages alleged to have been sustained by Plaintiff was not reasonably foreseeable.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

57. The Answering Third-Party Defendant did not direct or control the site, the work, safety, or personal protective equipment ("PPE") for Plaintiff. The Answering Third-Party Defendant did not possess the authority to direct, supervise or control the activity that resulted in Plaintiff's alleged injury. The Answering Third-Party Defendant did not control the manner or methods by which Plaintiff performed his work.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

58. Answering Third-Party Defendant has, at all times, acted in good faith, reasonably, and with due care and in a prudent manner, and in accordance with all applicable laws.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred, in whole or in part, because the Answering Third-Party Defendant did not owe any legal duty to Plaintiff, or if they owed a legal duty to Plaintiff, they did not breach that duty.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

60. To the extent that Plaintiff was not directly employed by Answering Third-Party Defendant, Plaintiff was not under any of the Answering Third-Party Defendant supervision, direction, or control.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

61. To the extent that Plaintiff asserts claims against Answering Third-Party Defendant arising under Section 200 of the New York Labor Law, such claims must be dismissed because Answering Third-Party Defendant did not owe any duty to the Plaintiff.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

62. To the extent that Plaintiff asserts claims against Answering Third-Party Defendant arising under Section 200 of the New York Labor Law, such claims must be dismissed because the Answering Third-Party Defendant did not exercise supervision and control over the activities alleged to have caused Plaintiff's injuries.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

63. To the extent that Plaintiff asserts claims against Answering Third-Party Defendant arising under Section 200 of the New York Labor Law, such claims must be dismissed because no action or inaction on the part of Answering Third-Party Defendant was or could be the proximate cause of the injuries alleged by Plaintiff.

**AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE**

64. That pursuant to § 1401 of the CPLR, is entitled to a General Obligations Law § 15-108 set-off to the extent that a release or a covenant not to sue or not to enforce a judgment was given to one or more persons liable, or claimed to be liable, for the Plaintiff's alleged injuries, and are entitled to a reduction of the claim by the Plaintiff/releasor against other tortfeasors to the extent of any amount stipulated by or in the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damage, whichever is greater.

**AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE**

65. The Answering Third-Party Defendant gives notice that it intends to rely upon any other defenses that may become available or appear during the discovery proceedings in this case and hereby reserve their rights to amend this Verified Answer to assert any such defenses.

**AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE**

66. The claims alleged in the Verified Complaint are barred by the doctrine of res judicata.

**AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

67. The claims alleged in the Verified Complaint are barred by the doctrine of collateral estoppel.

**AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

68. To the extent that Plaintiff asserts claims against the Answering Third-Party Defendant arising under Section 240 of the New York Labor Law, such claims must be dismissed because Plaintiff was a recalcitrant worker.

### AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

69. To the extent that Plaintiff asserts claims against Answering Third-Party Defendant arising under Section 240 of the New York Labor Law, such claims must be dismissed because the Plaintiff was the sole proximate cause of the alleged accident.

### AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

70. To the extent that Plaintiff asserts claims against Answering Third-Party Defendant arising under Section 240 of the New York Labor law, such claims must be dismissed because the Plaintiff was provided with the necessary safety equipment for the task he was performing.

### AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

71. To the extent that the Plaintiff assert claims against the Answering Third-Party Defendant arising under section 240 of the New York Labor Law, such claims must be dismissed because the Plaintiff's alleged incident was not gravity related.

### AS AND FOR A FIRST COUNTER-CLAIM AGAINST GILBANE BUILDING COMPANY, GILBANE INC. GILBANE DEVELOPMENT COMPANY ASSOCIATES AND THIE CITY OF NEW YORK FOR CONTRIBUTION

1. Upon information and belief, that if and in the event the Plaintiff sustained any damages as alleged in the Verified Complaint, all of which are denied by PJP INSTALLERS, INC., then the facts and conditions set forth in those allegations were brought in whole or in part by the negligence, wrongful or culpable conduct, acts and/or omissions of GILBANE BUILDING COMPANY, GILBANE INC. GILBANE DEVELOPMENT COMPANY, AND THIE CITY OF NEW YORK their agents, servants and/or employees.

2. By reason of the foregoing, in the event of any recovery, judgment or verdict against PJP INSTALLERS, INC., PJP INSTALLERS, INC. is entitled to contribution from GILBANE BUILDING COMPANY, GILBANE INC. GILBANE DEVELOPMENT COMPANY AND THIE

CITY OF NEW YORK's respective proportional share of liability as determined and in accordance with the relative culpability of each party including costs and disbursements and expenses including attorneys' fees.

### AS AND FOR A SECOND COUNTER-CLAIM AGAINST GILBANE BUILDING COMPANY, GILBANE INC. GILBANE DEVELOPMENT COMPANY ASSOCIATES AND THIE CITY OF NEW YORK FOR COMMON LAW INDEMNIFICATION

3. Upon information and belief, that if and in the event the Plaintiff sustained any damages as alleged in the Verified Complaint, all of which are denied by PJP INSTALLERS, INC., then the facts and conditions set forth in those allegations were brought about by the negligent, wrongful or culpable conduct, acts and/or omissions of GILBANE BUILDING COMPANY, GILBANE INC. GILBANE DEVELOPMENT COMPANY, AND THIE CITY OF NEW YORK as well as their agents, servants and/or employees, and therefore in the event of any recovery, judgment or verdict against PJP INSTALLERS, INC., by reason of the allegations contained in the Verified Complaint, such would be caused by operation of law without any negligence or culpable conduct and/or wrongful acts of PJP INSTALLERS, INC., their agents, servants and/or employees.

4. By reason of the foregoing, and in the event of any recovery, judgment or verdict is obtained against PJP INSTALLERS, INC., PJP INSTALLERS, INC. is entitled to full common law indemnification from GILBANE BUILDING COMPANY, GILBANE INC. GILBANE DEVELOPMENT COMPANY, AND THIE CITY OF NEW YORK for the full amount of any such recovery(ies), judgment(s), or verdict(s) including costs and disbursements, together with attorneys' fees and their expenses incurred therein.

## AS AND FOR A THIRD COUNTER-CLAIM AGAINST GILBANE BUILDING COMPANY, GILBANE INC. GILBANE DEVELOPMENT COMPANY ASSOCIATES AND THIE CITY OF NEW YORK FOR CONTRACTUAL INDEMNIFICATION

5. That prior to November 23, 2022, GILBANE BUILDING COMPANY, GILBANE INC. GILBANE DEVELOPMENT COMPANY, AND THIE CITY OF NEW YORK entered into written contracts/agreements.

6. That pursuant to the written contracts/agreements GILBANE BUILDING COMPANY, GILBANE INC. GILBANE DEVELOPMENT COMPANY, AND THIE CITY OF NEW YORK is obligated to defend and indemnify PJP INSTALLERS, INC..

7. That in the event any judgment is recovered herein against PJP INSTALLERS, INC., GILBANE BUILDING COMPANY, GILBANE INC. GILBANE DEVELOPMENT COMPANY, AND THIE CITY OF NEW YORK is obligated to indemnify and defend PJP INSTALLERS, INC. by virtue of the written contracts/agreements, and GILBANE BUILDING COMPANY, GILBANE INC., GILBANE DEVELOPMENT COMPANY, AND THIE CITY OF NEW YORK is obligated to defend PJP INSTALLERS, INC. and reimburse all defense costs of PJP INSTALLERS, INC..

8. That by reason of the foregoing, if any judgment or verdict is obtained against PJP INSTALLERS, INC., PJP INSTALLERS, INC. is entitled to indemnification from GILBANE BUILDING COMPANY, GILBANE INC., GILBANE DEVELOPMENT COMPANY, AND THIE CITY OF NEW YORK for the full amount of any such recovery(ies), judgment(s), or verdict(s) including costs and disbursements, together with attorneys' fees and their expenses incurred therein.

**AS AND FOR A FOURTH COUNTER-CLAIM AGAINST GILBANE BUILDING COMPANY, GILBANE INC., GILBANE DEVELOPMENT COMPANY ASSOCIATES, AND THIE CITY OF NEW YORK FOR BREACH OF CONTRACT**

9. That prior to November 23, 2022, GILBANE BUILDING COMPANY, GILBANE INC., GILBANE DEVELOPMENT COMPANY, AND THIE CITY OF NEW YORK entered into written contracts/agreements.

10. That pursuant to the written contracts/agreements GILBANE BUILDING COMPANY, GILBANE INC., GILBANE DEVELOPMENT COMPANY, AND THIE CITY OF NEW YORK is obligated to defend and indemnify PJP INSTALLERS, INC. for any damages or injuries which Plaintiff is alleged to have sustained in this action.

11. That PJP INSTALLERS, INC. was damaged by the breach of contracts.

12. The due to the breach of contracts by GILBANE BUILDING COMPANY, GILBANE INC., GILBANE DEVELOPMENT COMPANY, AND THIE CITY OF NEW YORK is required to provide a full defense and indemnification to PJP INSTALLERS, INC., and that in the event any judgment is recovered herein against PJP INSTALLERS, INC., GILBANE BUILDING COMPANY, GILBANE INC., GILBANE DEVELOPMENT COMPANY, AND THIE CITY OF NEW YORK is obligated to reimburse PJP INSTALLERS, INC. for all defense costs, verdicts and judgments rendered in this action and are required to reimburse all prior fees, costs and expenses incurred by PJP INSTALLERS, INC..

**WHEREFORE**, the Defendant, PJP INSTALLERS, INC. hereby demands judgment dismissing the Verified Complaint herein, together with costs and disbursements of this action, including attorneys' fees, and for such other, further and different relief as this Court deems just and proper.

Dated: New York, New York
April 3, 2025

**CLYDE & CO US LLP**

By: Thomas Maroney, Esq.
*Attorneys for Third-Party Defendant*
*PJP INSTALLERS, INC.*
405 Lexington Avenue, 16th Floor
New York, New York 10174
Tel: (212) 710-3900
Fax: (212) 710-3950
Thomas.Maroney@clydeco.us

TO:

Steven T. Lane, Esq.
Barry Jason Ungar, Esq.
Gus J. Constantinidis, Esq.
CONSTANTINIDIS & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
*JOHN BROWN and FIONA BROWN*
2492 Merrick Road
Bellmore, New York 11710
(516) 679-7700
Constantinidis.associates@gmail.com
barryungar@yahoo.com
gjconstant@optonline.net

Alex Fermoso, Jr., Esq.
Jason L. Beckerman, Esq.
ROPERS MAJESKI, P.C.
*Attorneys for Defendants/Third-Party Plaintiffs*
*GILBANE BUILDING COMPANY, GILBANE INC.*

*GILBANE DEVELOPMENT COMPANY, and City of New York*
750 Third Avenue, 25th Floor
New York, New York  10017
(646) 454-3297
(212) 668-5927
alex.fermoso@ropers.com
jason.beckerman@rmkb.com


P.M.T. ASSOCIATES
219 42nd Street
Brooklyn, NY  11214

## ATTORNEY VERIFICATION

THOMAS MARONEY, ESQ., being an attorney duly admitted to practice law before the Courts of the State of New York hereby affirms the following to be true under the penalty of perjury:

1. Affirmant is a partner of the law firm of CLYDE & CO US LLP, attorneys for the Answering Third-Party Defendant, in the within action and is fully familiar with the facts and circumstances set forth herein.

2. Affirmant has read the foregoing document and knows the contents therefore, and the same is true to Affirmant's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters Affirmant believes them to be true.

3. Affirmant further states that the reason this affirmation is made by the undersigned and not by the Answering Third-Party Defendant is that the Answering Third-Party Defendant does not have maintain an office with an officer having knowledge of the facts within the county wherein your Affirmant maintains his office.

4. The basis of the Affirmant's belief as to all matters not stated to be upon Affirmant's knowledge is information contained in the file of said law firm and learned in conversations with the Answering Third-Party Defendant.

Dated: New York, New York
April 3, 2025

_____
THOMAS MARONEY, ESQ.